## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID DOBY, | Civil Action |
| Plaintiff, | No. 22-3011 (CPO) (AMD) |
| v. | |
| SGT. JOHN DOE #1, et al., | **OPINION** |
| Defendants. | |

**O'HEARN, District Judge.**

This matter comes before the Court by way of Plaintiff's Complaint raising claims pursuant to 42 U.S.C. § 1983. The Court has screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. The Court concludes, with the following caveats, that dismissal of the entire Complaint is not warranted at this time and will allow the majority of the Complaint to proceed.

## I.      BACKGROUND[1]

This case arises from Plaintiff's incarceration at Bayside State Prison and South Woods State Prison. Plaintiff names Sergeant John Doe #1, Special Investigation Division ("SID") Officer John Doe #3, SID Officers Jane Doe #1 and #3, Inmate John Does #2, #4, #5, #6, and #7, Sergeant Franczeck, Nurse Angie/Jane Doe #2, Officer Peterson, Officer Spinelli, Officer Tapia, Officer Bietsch, Officer Blake, Officer Martinez, Officer B. Galle, Officer Seitzinger, Officer

---

[1] The Court will accept as true the factual allegations in the Complaint for the purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Hampton, Officer Rodriguez, Commissioner Marcus O. Hicks, and the New Jersey Department of Corrections as Defendants in this matter.

According to Plaintiff, in March and April of 2021, while at Bayside State Prison, he complained on different occasions to Sergeant John Doe #1 and SID Officer Jane Doe #1, that he was experiencing sexual and other types of harassment for being a homosexual at the prison. (ECF No. 1, at 11–14.)  Plaintiff had sought transfer to a different cell to avoid certain inmates, or transfer to a different prison, one with private showers, to avoid harassment. (*Id*.)  Sergeant John Doe #1 refused Plaintiff's requests, choosing instead to taunt him, and forced Plaintiff to return to his cell on a number of occasions.  (*Id*.)  On April 7, 2021, SID Officer Jane Doe #1 agreed to "see what she can do" about transferring Plaintiff to a different facility. (*Id*. at 11.)

Later that same evening, Inmate John Doe #2 entered the shower and sexually assaulted Plaintiff. (*Id*. at 12.)  On April 22, 2021, staff moved Plaintiff to a different cell because his cellmate was caught with a cigarette butt.  (*Id*. at 13.)  Plaintiff's new cellmate, Inmate John Doe #4 and Inmate John Does #5 through #7, verbally harassed and threatened to assault and kill Plaintiff if he did not change cells. (*Id*.)  Plaintiff complained to Sergeant John Doe #1, who refused to assist him and forced him to return to his new cell. (*Id*. at 13–14.)  As a result of these events, and *because* Plaintiff "was harassed, threatened, and humiliated," Sergeant John Doe #1 and Officer A. Rodriguez "charged and locked up" Plaintiff.  (*Id*. at 14.)

Shortly afterwards, it appears that Plaintiff was transferred to South Woods State Prison, where he interviewed with SID Officers John Doe #3 and Jane Doe #3 and reported his most recent sexual assault involving Inmate John Doe #2. (*Id*.)  Plaintiff offers no other details as to SID Officers John Doe #3 and Jane Doe #3.

Nearly a year later, in March of 2022, Officer B. Galle verbally harassed Plaintiff and fabricated charges against Plaintiff for "interrupting count" because he stayed too long in the showers. (*Id*. at 15–16.)  Officer Galle and five unspecified officers handcuffed and strip-searched Plaintiff, and then transferred him to a different cell, a filthy one, without a working a sink. (*Id*. at 16.)  As Plaintiff did not have a working sink, he was forced "to use the toilet water and canteen water when available," for all of his water needs such as brushing his teeth and washing his face. (*Id*. at 17.)

Ultimately, he reported the water situation to Sergeant Franczeck, Nurse Angie/Jane Doe #2, Officer Peterson, Officer Spinelli, Officer Tapia, Officer Bietsch, and Officer Blake, to no avail.  (*Id*. at 17–18.)  Plaintiff went sixteen days without a working faucet and used "mostly toilet water for everything." (*Id*. at 18.)  It was not until April 6, 2022, that Officer Seitzinger had maintenance fix the water issue. (*Id*. at 17.)  There are no further allegations as to Officer Seitzinger.

Additionally, on March 29, 2022, while transporting Plaintiff to the showers, Officer Martinez handcuffed Plaintiff behind his back. (*Id*.at 18.)  Plaintiff complained that he was not comfortable "being handcuffed from the back, especially in the shower," but Officer Martinez "thought he could joke" and said, "I thought you liked it from the back." (*Id*.)  Then, Officer Hampton approached and said, "he has no part in this." (*Id*.)  There are no further allegations as to Officers Martinez and Hampton.  Finally, although Plaintiff appears to name Commissioner Hicks and the NJDOC as Defendants in this matter, the Complaint contains no specific allegations against them.

Plaintiff filed the instant Complaint in May of 2022.  In terms of relief, Plaintiff seeks, among other things, various forms of monetary damages.

## II.     STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis* and in which a plaintiff sues "a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a).  District courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).  When considering a dismissal for failure to state a claim on which relief can be granted, courts apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6).  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

Consequently, to survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In addition to these pleading rules, a complaint must satisfy Federal Rule of Civil Procedure 8(a), which states that a complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019). Stated differently, Rule 8 requires a showing that the plaintiff is entitled to relief in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

## III.   DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation. *West v. Atkins*, 487 U.S. 42, 48 (1988). With regard to Plaintiff's federal claims, the Court will construe the Complaint as alleging that the prison employee Defendants subjected Plaintiff to cruel and unusual punishment under the Eighth Amendment. In particular, the Court will construe the Complaint as raising verbal harassment, failure to protect, conditions of confinement, and calculated harassment claims under the Eighth Amendment.

### A.  Verbal Harassment Claims

First, Plaintiff appears to allege that the verbal harassment he received from Officer Martinez and Officer Galle, standing alone, constituted cruel and unusual punishment under the Eighth Amendment. In particular, Plaintiff refers to Officer Martinez's taunt that Plaintiff "liked it from the back" and Officer Galle calling Plaintiff a "homo," and stating, "damn, that's one ugly homo." (ECF No. 1, at 15, 18.)

It is well established, however, "that the use of words,  no matter how violent, vulgar or unprofessional, is not actionable under 42 U.S.C. § 1983." *E.g.*, *Wyatt v. Malisko*, No. 16-1438,

2016 WL 4925788, at *1 (M.D. Pa. Sept. 14, 2016) (citing *Dunbar v. Barone*, 487 F. App'x 721, 723 (3d Cir. 2012) ("[V]erbal threats or taunts, without more, are not sufficient to constitute a violation of the Eighth Amendment.")); *see also Robinson v. Taylor*, 204 F. App'x 155, 156 (3d Cir. 2006)  ("It is well settled that verbal harassment of a prisoner, although deplorable, does not violate the Eighth Amendment.").  This is true because "words alone cannot establish an Eighth Amendment claim." *Rieco v. Moran*, 633 F. App'x 76, 79 (3d Cir. 2015).  Accordingly, the Court will dismiss with prejudice Plaintiff's stand-alone verbal harassment claims against Officers Martinez and Galle.[2]

### B.  Insufficient Allegations and Rule 8

Next, the Court finds that Plaintiff's claims against Officer Seitzinger, Officer Hampton, and SID Officers John Doe #3 and Jane Doe #3 fail to comply with Federal Rule of Civil Procedure 8 and fail to state a claim.  As discussed above, Rule 8 requires the Complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Even liberally construing the Complaint, Plaintiff fails to simply or directly allege what his claims are against these Defendants and fails to provide fair notice of the grounds on which he intends to rest his claims.

The Complaint contains nearly no factual allegations against these Defendants, and simply concludes that they have violated his rights, which is insufficient to state a claim for relief. *Kaplan v. Holder*, No. 14-1740, 2015 WL 1268203, at *4 (D.N.J. Mar. 18, 2015) (citing *Iqbal*, 556 U.S. at 678).  For example, the only allegation against Officer Seitzinger is that he fixed Plaintiff's broken faucet. (ECF No. 1, at 17.)  As to Officer Hampton, the only reference to him appears to

---

[2] The Court will, however, allow Plaintiff's calculated harassment claims  against Officer Galle to go forward, as such claims involve a mix of verbal and physical harassment.

be his statement that "he has no part in this," referring to Officer Martinez's taunt that Plaintiff "liked it from the back." (*Id*. at 18.)  Finally, as to SID Officers John Doe #3 and Jane Doe #3, Plaintiff alleges that, after his transfer to South Woods State Prison, he reported his issues from Bayside State Prison to these officers. (*Id*. at 14.)  He does not appear to contend, however, that these officers failed to protect him, or that their actions led to any specific injury at South Woods. (*Id*. at 14–20.)

As a result, these claims "would not provide any meaningful opportunity for the[se] Defendants to decipher or answer the vague allegations levied against them." *Koehler*, 2019 WL 1231679, at \*4; *see Twombly*, 550 U.S. at 555.  Consequently, the Court will disregard the Complaint's "naked assertions devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678, and dismiss Plaintiff's claims against Officer Seitzinger, Officer Hampton, and SID Officers John Doe #3 and Jane Doe #3, without prejudice, for failure to state a claim and for failure to comply with Rule 8.

### C.  Eleventh Amendment Immunity

Plaintiff has named a State entity, the NJDOC, as a Defendant in this matter.  To be liable within the meaning of 42 U.S.C. § 1983, however, a defendant must be a "person."  The Supreme Court held in *Will v. Michigan Dep't. of State Police*, 491 U.S. 58 (1989), that a State or an official thereof acting in his or her official capacity is not a "person" within the meaning of § 1983.

Further, under the Eleventh Amendment, "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  Absent a specific waiver, the Supreme Court has interpreted the  Eleventh Amendment to protect a state from "suit in federal court by its own citizens as well as those of

another state." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 (3d Cir. 1996)  (internal

quotation marks omitted)  (citing *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984);

*Hans v. Louisiana*, 134 U.S. 1 (1890)).  This immunity is available to all States, as well as any

entity that is "an arm of the state." *See Mt. Healthy City Bd. of Educ. v. Boyle*, 429 U.S. 274, 280

(1977).

In this District, courts have consistently held that the NJDOC and its subsidiaries are not

"persons" subject to liability under § 1983 as they are immune from suit in federal court under the

Eleventh Amendment. *See, e.g.*, *Szemple v. Rutgers Univ.*, No. 19-13300, 2021 WL 689129, at *2

(D.N.J. Feb. 22, 2021); *Wilson v. Haas*, No. 11-7001, 2012 WL 6761819, at *5 (D.N.J. Dec. 28,

2012); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989).

Consequently, the Court will dismiss with prejudice all claims against the NJDOC, for lack

of jurisdiction. *See, e.g.*, *Blanciak.*, 77 F.3d at 694 n.2 ("The Eleventh Amendment is a

jurisdictional bar which deprives federal courts of subject matter jurisdiction."); *Grabow*, 726 F.

Supp. at 539 ("At this juncture, this court has concluded that defendants are immune under the

eleventh amendment, and therefore not persons within the meaning of § 1983.  Rather than dismiss

the complaint under Fed. R. 12(b)(6) for failure to state a claim, the court must find that it lacks

subject-matter jurisdiction and that dismissal under Fed. R. Civ. P. 12(b)(1) is appropriate.").

**D.  Supervisory Liability**

Next, it appears that Plaintiff wishes to pursue a supervisory liability claim against the then

commissioner of the NJDOC, Commissioner Hicks.  As a general rule, however, government

officials are not liable for the unconstitutional conduct of their subordinates under a theory of

*respondeat superior. See Iqbal*, 556 U.S. at 676; *Monell v. New York City Dept. Of Social Servs.*,

436 U.S. 658, 691 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C.

§ 1983); *Robertson v. Sichel*, 127 U.S. 507, 515–16 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of subagents or servants or other persons properly employed by or under him, in discharge of his official duties").

In general, there are two ways in which supervisors may be liable for the unconstitutional acts of their subordinates.  First, liability may attach if a supervisor, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)).  A policy generally involves a "statement, ordinance, regulation, or decision officially adopted and promulgated by [the governing] body's officers." *Monell*, 436 U.S. at 690.  A custom, although lacking the formal approval of a policy, refers to those official practices which are "so permanent and well settled as to constitute . . . the force of law." *Id*. at 691.

A plaintiff "must identify a custom or policy . . . and specify what exactly that custom or policy was" to satisfy the pleading standard. *Sheils v. Bucks Cty. Domestic Relations Section*, 921 F. Supp. 2d 396, 417 (E.D. Pa. 2013) (citing *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001)) (noting that although this standard typically applies to municipal entities, it "applies with equal force to supervisory liability claims premised on a 'policy, practice, or custom' theory").  Under the second approach, a supervisor "may be personally liable if he participated in violating [] rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinates' unconstitutional conduct." *Estate of Moore v. Cumberland Cty.*, No. 17-2839, 2018 WL 1203470, at *4 (D.N.J. Mar. 8, 2018).

Here, the Complaint contains no allegations specific to Commissioner Hicks. (ECF No. 1.) As a result, Plaintiff fails to describe how Commissioner Hicks established or maintained any particular policies or customs, or how those policies or customs specifically caused or contributed to his injuries.  Nor does Plaintiff allege that Commissioner Hicks personally directed anyone to violate Plaintiff's rights or had knowledge of, and acquiesced in, any such violations.

Next, to the extent Plaintiff contends that Commissioner Hicks is liable simply for being a supervisor, the Court disagrees.  Once again, government officials are not liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *See Iqbal*, 556 U.S. at 676.  In simpler terms, a supervisor is not liable for the unconstitutional conduct of his employees solely because he is a supervisor.  Ultimately, Plaintiff's supervisory liability claim is based on bare conclusions, which are insufficient to state a claim for relief. *Kaplan*, 2015 WL 1268203, at *4 (citing *Iqbal*, 556 U.S. at 678).  Consequently, the Court will dismiss without prejudice Plaintiff's claims against Commissioner Hicks.

### E.  Motion to Appoint Counsel

With regard to Plaintiff's motion to appoint counsel, our jurisprudence provides the Court with broad discretion in determining whether to request representation for an indigent civil litigant notwithstanding the fact that indigent civil litigants "have no statutory right to appointed counsel." *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993), *cert. denied,* 510 U.S. 1196 (1994).  In evaluating a motion seeking the appointment of counsel, a court must first determine whether a plaintiff's claims have arguable merit.  *Id.* at 155.

If a court finds that a plaintiff's claims have merit, the court should consider the following non-exclusive factors: 1) the plaintiff's ability to present his or her own case; 2) the complexity of the legal issues; 3) the degree to which factual investigation will be necessary and the ability of

the plaintiff to pursue such investigation; 4) the amount a case is likely to turn on credibility determinations; 5) whether the case will require the testimony of expert witnesses; and 6) whether the plaintiff can attain and afford counsel on her own behalf. *See id.* at 155–57.

With those principles in mind, Plaintiff's motion fails to meaningfully address most of the factors discussed above, with the exception of his indigency. (*See* ECF No. 2.)  Accordingly, the Court will deny Plaintiff's motion to appoint counsel without prejudice.  Plaintiff may submit a renewed motion to appoint before Magistrate Judge Donio.  Plaintiff's renewed motion must include a brief that addresses each of the factors discussed above.

### F.  Remaining Claims

The Court has reviewed the remainder of the Complaint and will allow it to proceed, *i.e.*, the following: (1) Plaintiff's failure to protect claims against Sergeant John Doe #1 and SID Officer Jane Doe #1; (2) Plaintiff's calculated harassment claims against Sergeant John Doe #1, Officer Rodriguez, and Officer Galle; (3) Plaintiff's conditions of confinement claims against Sergeant Franczeck, Nurse Angie/Jane Doe #2, Officer Peterson, Officer Spinelli, Officer Tapia, Officer Bietsch, and Officer Blake; and (4) Plaintiff's state law claims against Inmate John Does #2, #4, #5, #6, and #7. [3]

### IV.     CONCLUSION

For the reasons set forth above, the Court will dismiss with prejudice Plaintiff's verbal harassment claims against Officers Martinez and Galle, and dismiss without prejudice Plaintiff's claims against Commissioner Hicks, Officer Seitzinger, Officer Hampton, and SID Officers John Doe #3 and Jane Doe #3, for failure to state a claim.  The Court will dismiss with prejudice

---

[3] The Court is not expressly or implicitly limiting Defendants' right to assert any potential defenses as they see fit.  Nor is the Court ruling that Plaintiff has established a violation.  Instead, the Court is permitting these claims to go forward beyond screening.

Plaintiff's claims against the NJDOC for lack of jurisdiction.  The remainder of the Complaint may proceed.  Finally, the Court will deny without prejudice Plaintiff's  motion to appoint counsel. Plaintiff may submit a new motion before Magistrate Judge Donio, along with a brief that addresses the deficiencies discussed above.  An appropriate Order follows.

Dated:  October 6, 2022

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**