UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID DOBY,

Plaintiff,

v.

SGT. JOHN DOE #1, et al.,

Defendants.

Civil Action
No. 22-3011 (CPO) (AMD)

**OPINION**

**O'HEARN, District Judge.**

Before the Court is the Defendants'[1] motion to dismiss this matter for lack of prosecution under Federal Rule of Civil Procedure 41(b). (ECF No. 49).  For the following reasons, the Court will grant in part the motion to dismiss.

## I.    BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural history of this case and recites only the background necessary to decide the instant motion.  This case arises from instances of sexual and other types of harassment during Plaintiff's incarceration at two New Jersey prisons. (*See* ECF No. 4 at 1–3).  The remaining Defendants are Sergeant John Doe #1, SID Officer Jane Doe #1, Officer Rodriguez, Officer Galle, Sergeant Franczeck, Nurse Angie/Jane Doe #2, Officer Peterson, Officer Spinelli, Officer Tapia, Officer Bietsch, Officer Blake, and Inmate John Does #2, #4, #5, #6, and #7. (*Id*. at 11).

On October 29, 2024, the Court issued a notice and Order pursuant to *Paladino v. Newsome*, 885 F.3d 203 (3d Cir. 2018), which required Plaintiff to submit supplemental briefing

---

[1]  The Defendants who have been served, Defendants Rodriguez, Fronczek, Peterson, Spineli, Tapia, Bietsch, and Blake, have filed the instant motion. (ECF No. 49, at 1).

or file a letter stating that he did not wish to file such briefing. (ECF No. 38, at 1).  The Court warned that "failure to comply with this Order may result in dismissal of this matter." (*Id*. at 2).

On November 8, 2024, the Court's prior Order was returned as undeliverable, as Plaintiff had been released from prison.  (ECF No. 41).  The Court terminated the case on November 14, 2024, pursuant to Local Civil Rule 10.1, for Plaintiff's failure to provide a current address. (ECF No. 43).  The Court provided Plaintiff with thirty days to file a notice of change of address and warned that "failure to comply . . . may result in the matter being dismissed for lack of prosecution." (*Id*. at 2).

Nearly a year later, on November 12, 2025, Plaintiff filed a notice of change of address, explaining that he "just got around to changing [his] address" due to unspecified hardships and requested the Court reopen his case. (ECF No. 46, at 1).  The served Defendants (hereinafter "Defendants") opposed Plaintiff's request to reopen. (ECF No. 47).

The Court denied the request to reopen without prejudice, and granted Defendants leave to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 48). Defendants filed their motion, but Plaintiff did not file an opposition.  Thereafter, Defendants advised that their correspondence to Plaintiff's latest address of record also returned as undeliverable. (ECF No. 50).

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 41(b), if a "plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  When determining whether to dismiss an action pursuant to Rule 41(b), the Court must consider the factors discussed in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984).  Under *Poulis*,

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868 (emphasis removed). No single factor is dispositive, nor do "all of the . . . factors need to be satisfied in order to dismiss a complaint." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (cleaned up); *see also Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019). "Ultimately, the decision to dismiss constitutes an exercise of the district court['s] discretion." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *see also Aruanno v. Johnson*, No. 21-1652, 2022 WL 604051, at *2 (3d Cir. Mar. 1, 2022). "[D]ismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Poulis*, 747 F.2d at 866 (cleaned up).

Finally, although *Poulis* involved dismissal with prejudice, a court must consider the *Poulis* factors when dismissing a case without prejudice, if the statute of limitations has run on a plaintiff's claims.[2] *Hernandez v. Palakovich*, 293 F. App'x 890, 894 n.8 (3d Cir. 2008); *see also Harrison v. Coker*, 587 F. App'x 736, 740 n.5 (3d Cir. 2014).

### III. DISCUSSION

Before assessing the *Poulis* factors, the Court must address a threshold issue. It appears that since December 22, 2025, the Court has not had Plaintiff's current address. (*See* ECF No. 50,

---

[2] As the events described in the Complaint took place in in 2021 and 2022, (*see* ECF No. 1, at 11–19), absent equitable tolling, the statute of limitations has likely run on Plaintiff's claims. *See Brown v. Quinn*, No. 20-7002, 2022 WL 17959508, at *2 (D.N.J. Dec. 27, 2022) (citing N.J. Stat. § 2A:14-2; *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 859 (3d Cir. 2014)) (explaining that although 42 U.S.C. § 1983 provides a federal cause of action, "§ 1983 borrows the statute of limitations from the laws of the state in which the action arose," and in "New Jersey, the statute of limitations for personal-injury torts is two years").

at 1).  When a plaintiff "makes adjudicating the case impossible" or "clearly indicates that he . . . intends to abandon the case," a court "need not balance the *Poulis* factors" before dismissing the action.  *See*, *e.g.*, *Living Tr. of Lukunda Muhammad v. Shelton*, No. 24-3178, 2025 WL 1409475, at *1–2 (3d Cir. May 15, 2025); *R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC*, 45 F.4th 655, 661 (3d Cir. 2022); *Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017); *McLaren v. N.J. Dep't of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012); *Ross v. Smith*, No. 21-01994, 2025 WL 3718759, at *6 n.7 (M.D. Pa. Dec. 23, 2025) (collecting cases).

Here, Plaintiff has rendered further litigation impossible, as the Court lacks his current address or any means of communicating with him. (*See* ECF No. 50, at 1).  The record also shows that Plaintiff willfully abandoned his duty to prosecute this case.  First, Plaintiff never responded to the Defendants' June 7, 2024, motion for summary judgment, (ECF No. 37), which remained terminated due to Plaintiff's lack of responsiveness. (ECF Nos. 38, 40).

Second, had Plaintiff remained in contact with the Court or the Defendants, he would have known that the Court denied his request to reopen and granted Defendants leave to file a motion to dismiss for failure to prosecute.  Indeed, Plaintiff's prior notice of change of address indicates that he was aware of his obligation to keep the Court informed of his current address.  His silence and inaction for nearly six months, after asking to reopen this case, supports the inference that his noncompliance is willful.  *See House v. Doe #1*, No. 20-02683, 2021 WL 3884291, at *3 n.3 (E.D. Pa. Aug. 31, 2021); *cf. McLaren*, 462 F. App'x at 149.

For those reasons, the Court will dismiss this case without prejudice.  Alternatively, even if balancing under *Poulis* was required, the Court finds that the *factors* would also support dismissal.

## A.  The Extent of a Party's Personal Responsibility

The first *Poulis* factor requires courts to consider "whether the party bears personal responsibility for the action or inaction."  *Hildebrand*, 923 F.3d at 133 (quoting *Adams v. Tr. of the New Jersey Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994)).  Here, Plaintiff is proceeding *pro se* and is therefore solely responsible for failing to comply with the Court's rules and orders.  *E.g.*, *Briscoe*, 538 F.3d at 258.  As discussed above, for nearly a year, Plaintiff's failure to notify the Court of his address brought this action to a standstill. (*See* ECF Nos. 41, 43, 46).  After eventually filing a notice of change of address, he vacated that residence shortly after. (ECF Nos. 46, 50).  As a result, the case again came to a halt, despite Plaintiff's awareness of his duty to inform the Court of his address.  (*See* ECF No. 46 ("I just got around to changing my address after Prison due to hardships.").  Accordingly, the first factor weighs in favor of dismissal.

## B.  Prejudice to the Defendants

The next factor, prejudice to the Defendants, "is a particularly important factor . . . and evidence of true prejudice . . . bear[s] substantial weight in support of a dismissal." *Hildebrand v*, 923 F.3d at 134  (cleaned up).  "Relevant examples of prejudice include the irretrievable loss of evidence and the inevitable dimming of witnesses memories." *Id.* (cleaned up).  A party is not required "to show 'irremediable harm' for the prejudice to weigh in favor of dismissal." *Id.* (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003)).  For these purposes, "impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware*, 322 F.3d at 222; *see also Hildebrand*, 923 F.3d at 134.  Courts may also find that a plaintiff's failures to prosecute or follow court orders are "inherently prejudicial" by halting the progress of an action. *E.g.*, *Emerson v. Thiel College*, 296 F.3d 184, 190–91 (3d Cir. 2002);

5

*Brooklyn Waffles, LLC v. Silk City Snacks LLC*, No. 20-15846, 2022 WL 2251127, at *2–4 (D.N.J. May 19, 2022).

Here, Plaintiff's repeated failure to comply with Court rules and Orders have undoubtedly prejudiced the Defendants by stalling this case for more than a year and a half. Due to Plaintiff's absence, the Defendants' motion for summary judgment remains unresolved. (ECF No. 37). The Defendants have also wasted time and resources sending documents to the wrong addresses. (*See* ECF Nos. 49-2, 50). Finally, the inevitable dimming of witnesses' memories also prejudices the Defendants. *See Hildebrand*, 923 F.3d at 134; *Adams*, 29 F.3d at 874. Plaintiff's claims appear to involve many potential witnesses, and the events in the Complaint took place more than four years ago. (ECF No. 1, at 11–22). Accordingly, the Court finds that the second *Poulis* factor weighs in favor of dismissal.

### C. History of Dilatoriness

The third *Poulis* factor asks the Court to review the extent and history of Plaintiff's dilatoriness. "Extensive or repeated delays or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874. One or two instances is typically "insufficient," and "[m]ost cases where the court found a history of dilatoriness involved repeated delay." *Hildebrand*, 923 F.3d at 135. For example, in *Poulis*, the Third Circuit emphasized that counsel did not fail to comply in a timely manner on just one occasion but rather demonstrated "a pattern of dilatoriness." *Poulis*, 747 F.2d at 868 ("Time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made."). In addition to repeated failures, "extensive delay can create a history of dilatoriness." *Hildebrand*, 923 F.3d at 135 (cleaned up). "While extensive delay may weigh in

favor of dismissal, 'a party's problematic acts must be evaluated in light of its behavior over the life of the case.'" *Id*. (quoting *Adams*, 29 F.3d at 875)).

Here, as discussed above, Plaintiff failed to notify the Court of his changed address within seven days pursuant to Local Civil Rule 10.1, on at least two occasions despite being aware of his obligation to do so. (*See* ECF Nos. 43, 50).  Stalling the case for more than a year and half and leaving the Court with no means of communicating with Plaintiff. (*See* ECF Nos. 43, 50).  Due to that absence, Plaintiff also failed to comply with other Orders, such as the Order directing him to file certain documents in connection with Defendants' motion for summary judgment and the Order directing Plaintiff to file an opposition to the instant motion. (ECF Nos. 38, 48).

Additionally, on May 24, 2023, the Defendants sent Plaintiff certain discovery requests, and on November 20, 2023, advised Plaintiff that his responses were overdue. (ECF No. 49-3, ¶¶ 6–7).  On December 1, 2023, Plaintiff acknowledged that his responses were late, alleging that the delay was from having only "one writing pen," (ECF No. 29, at 1), despite filing other documents during the same period in question, (*see* ECF Nos. 24, 28).  Taken together, the Court finds that Plaintiff's actions constitute a pattern of dilatoriness, and that this factor weighs strongly in favor of dismissal.

### D.  Willfulness or Bad Faith

Under the fourth *Poulis* factor, courts consider whether the party's conduct was willful or in bad faith. *Poulis*, 747 F.2d at 868–69; *see also Adams*, 29 F.3d at 875.  When assessing this factor, "a court should look for the type of willful or contumacious behavior that can be characterized as flagrant bad faith, such as failing to answer interrogatories for nearly a year and a half, demanding numerous extensions, ignoring admonitions . . . , and making false promises to correct delays." *Hildebrand*, 923 F.3d at 135 (cleaned up).  "Willfulness involves intentional or

self-serving behavior." *Id*. (quoting *Adams*, 29 F.3d at 875). A lengthy delay can reflect "'inexcusable negligent behavior,' but that behavior alone does not rise to the level of willfulness or bad faith." *Id*. (quoting *Adams*, 29 F.3d at 876) (citation omitted).

Here, Plaintiff ignored this Court's warning regarding his essential duty to remain in contact with the Court. (ECF No. 43). The Court's Order expressly warned him that failure to comply may result in dismissal. (*Id*. at 2). His most recent notice of change of address shows that he was aware of that duty, but only "just got around" to it more than a year after his release from prison. (ECF No. 46, at 1). Even that address is now also many months out of date. (*See* ECF No. 50). His failure to contact the Court over the past six months, *after asking to reopen this case*, at least implies, if not demonstrates, that his conduct is willful. *See, e.g.*, *In re Plavix Mktg., Sales Pracs. & Prods. Liab. Litig.*, No. 17-6104, 2019 WL 13396509, at *2 (D.N.J. Nov. 6, 2019) (citing *Dawkins v. Bristol-Myers Squibb Co.*, No. 07-1186, 2012 WL 1587541 at * 3 (D.N.J. April 16, 2012)) (noting that a court may infer willful conduct when a plaintiff chooses not to respond to a court order). The record does not reflect confusion or inability, but rather, conscious decisions not to comply. Accordingly, the Court finds that the fourth *Poulis* factor weighs strongly in favor of dismissal.

### E. Effectiveness of Alternative Sanctions

The fifth *Poulis* factor requires the Court to consider the effectiveness of alternative sanctions. In this context, the Court assesses whether alternative sanctions would compel Plaintiff to comply with the Court's rules and orders. Other than dismissal, possible alternatives include "a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees," administrative termination, striking a pleading in part, and evidentiary sanctions. *Caffrey v. Scott*, No. 10-5055, 2011 WL 4528169, at *4 (D.N.J. Sept. 28, 2011) (quoting

*Titus v. Mercedes Benz of North America*, 695 F.2d 746, 750 n. 6 (3d Cir.1982)); *see also Windish v. 3M Co.*, No. 23-1531, 2024 WL 1604012, at *7–8 (E.D. Pa. Apr. 12, 2024).  "The effectiveness of alternative sanctions depends in part on their ability to preserve the integrity of the courts and deter future misconduct." *E.g.*, *Windish*, 2024 WL 1604012, at *7 (cleaned up).

Here, the Court has "little choice as to how to proceed," as it has no means of conveying other sanctions to Plaintiff.  *E.g.*, *McLaren*, 462 F. App'x at 149.  In these circumstances, the Court is not "required to consider whether a lesser sanction would be appropriate." *Id*. ("The district court could not contact the plaintiff to threaten her with some lesser sanction . . . [and] an order imposing sanctions would only find itself taking a round-trip tour through the United States mail." (cleaned up)); *Harris v. Hoffman*, No. 23-104, 2024 WL 5125113, at *3 (W.D. Pa. Nov. 18, 2024) ("[N]ot knowing Plaintiff's address prevents any viability of imposing alternative sanctions."); *Archie v. Dep't of Corr.*, 2015 WL 333299, at *3 (D.N.J. Jan. 23, 2015) ("[T]his factor weighs in favor of dismissal because, not knowing Plaintiff's address, the Court is simply unable to communicate . . . any alternative sanctions.").  Accordingly, the fifth *Poulis* factor weighs in favor of dismissal.

### F.  Meritoriousness of Claims

The final *Poulis* factor requires assessing the potential merits of Plaintiff's claims. "In determining whether a plaintiff's claim is meritorious, a court must use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Briscoe*, 538 F.3d at 263 (citing *Poulis*, 747 F.2d at 869–70).  Thus, a claim is "meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." *Id*. (quoting *Poulis*, 747 F.2d at 869–70).

Here, the Court applied that standard when it screened the Complaint and allowed it to proceed in part. (*See* ECF No. 5). Thus, his remaining claims have potential merit, and this factor weighs against dismissal.

### G. Balancing

The Court considers five of the *Poulis* factors to weigh in favor of dismissal and one factor to weigh against dismissal. The number of factors is not dispositive, as "there is no magic formula or mechanical calculation." *Hildebrand*, 923 F.3d at 137 (cleaned up); *Ware*, 322 F.3d at 225 (finding that not all six factors are required to merit dismissal); *Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (concluding that the absence of one factor is not controlling).

The Court acknowledges that Plaintiff's claims may have potential merit, but that single factor does not outweigh the others. The record reflects willful noncompliance with the Court's rules and Orders, a clear history of dilatoriness, and resulting prejudice to the Defendants. And because the Court has no method of contacting Plaintiff, no lesser sanction would be effective in securing his compliance. In these circumstances, the *Poulis* factors weigh decisively in favor of dismissal of this action in its entirety, including as to the unserved and unidentified defendants.

Failing to notify the Court of a changed address may not at first glance seem to be of the nature warranting dismissal, and the Court does not suggest it is appropriate in all cases. However, when it causes a case to be stagnant for a long period of time and leaves the Court with no means of communicating with the plaintiff, such as here, dismissal is indeed appropriate. *See McLaren*, 462 F. App'x at 149.

Finally, the Court recognizes that dismissal may effectively bar Plaintiff from refiling due to the statute of limitations, but the Court declines to dismiss this action with prejudice. Although

dismissal is warranted under *Poulis*, dismissal with prejudice would constitute a more severe sanction than necessary under the circumstances.  On the present record, the Court cannot conclude that equitable tolling would be unavailable should Plaintiff seek to reassert his claims.  The Court will therefore dismiss the case without prejudice.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant in part Defendants' motion to dismiss and dismiss this case without prejudice.  An appropriate Order follows.

Dated:  May 8, 2026

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**

11